## Cutone Estate

*Smith, Aker, Grossman & Hollinger,* for petitioner.

*Wisler, Pearlstine, Talone & Gerber,* for respondents.

TAXIS, P. J., March 13, 1967.—Angelo Cutone died on May 5, 1966, intestate, leaving to survive him a widow, Maria Petrone Cutone, and a son, Vincent A. Cutone, and a daughter, Yolanda J. Ciasullo, who were children of a prior marriage.

Maria Petrone Cutone filed her petition seeking specific performance under section 620 of the Fiduciaries Act of April 18, 1949, P. L. 512, of an antenuptial agreement dated April 26, 1957. Preliminary objections were filed by Vincent A. Cutone, Yolanda J. Ciasullo, and Continental Bank and Trust Company, administrator of decedent's estate.

In passing upon preliminary objections, the well pleaded averments in the petition are to be taken as true. As so considered, the pleadings set forth the following:

Angelo Cutone and Maria Petrone Cutone were married on May 4, 1957. Prior to their marriage, the parties entered into an antenuptial agreement (dated April 26, 1957), which provided, inter alia, that Angelo Cutone agreed to convey and transfer the title of property located at the corner of Ridge Pike and Level Road to their joint names as tenants by the entireties, and that "his entire estate will pay his widow the sum of $200 monthly so long as she lives and remains his widow".

Maria Petrone Cutone, the surviving spouse of this decedent, seeks specific performance of this antenuptial agreement.

Respondents' preliminary objections complain that

this court lacks jurisdiction to decree specific performance of the antenuptial agreement; that the antenuptial agreement does not provide for the ownership of Maria Petrone Cutone as surviving tenant by the entireties; that some of the terms of the agreement are now impossible of fulfillment; that the agreement is "obscure and indefinite" in material and necessary details; and that, therefore, the petition should be dismissed.

Section 620 of the Fiduciaries Act provides in parts relevant as follows:

"(a) Application to Court. If any person makes a legally binding agreement to purchase or sell real or personal estate and dies before its consummation, his personal representative shall have power to consummate it, but if he does not do so, the court, on the application of any party in interest and after such notice and with such security, if any, as it may direct, in its discretion, may order specific performance of the agreement if it would have been enforced specifically had the decedent not died".

See also section 301(a) of the Orphans' Court Act of August 10, 1951, P. L. 1163.

Respondents argue that the antenuptial agreement is not "a contract to purchase or sell" real estate in the typical sense, and thus section 620 is inapplicable. Respondents' construction of section 620 is too narrow and restrictive.

The agreement presently before the court is such a contract giving rise to property rights as contemplated by the language of this statute, for the widow in consideration of her release of her statutory rights as the surviving widow has bargained for the equitable ownership of real property and an annuity. See Hoff Estate, 66 York 169; Kline Estate, 38 D. & C. 2d 416, 85 Montg. 67; Liggins Estate, 393 Pa. 500.

The court is of the opinion that this court has power

to decree specific performance of the terms of such an agreement as now pleaded, if meritorious. This objection is, therefore, dismissed.

There is also no merit to the other preliminary objections of respondents contending that the antenuptial agreement is not sufficiently specific for this court to decree specific performance of its terms.

The antenuptial agreement executed by the parties sets forth in detail that in consideration of the relinquishment of statutory rights accruing after marriage, the intended husband would convey the land "located at the corner of Ridge Pike and Level Road, Collegeville, Pa." owned by him, and that the estate was to pay $200 as a monthly annuity to the widow so long as she remains decedent's widow.

Angelo Cutone's failure to perform the procedural function of delivering a deed to the appointee designated in the antenuptial agreement cannot thwart the decree of specific performance. On page 2 of the attached antenuptial agreement, the intended husband recites his complete unconditional agreement to the exchange of consideration and the subject matter of the contract. Once these property rights are created, petitioner being possessed of an equitable fee, the mechanical means of effecting the legal title become unimportant.

Preliminary objections should be granted only in clear cases, for it is more desirable to pass upon the merits of the case than to rely on technicalities of pleading. The court concludes that this is not such a clear case as would julstify sustaining preliminary objections. Respondents are granted leave to file responsive answers so that this matter can be fully heard on the merits.

For the reasons cited above, all preliminary objections are dismissed and respondents are granted leave to file responsive answers on the merits.